WO                                                                                                           SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Smith,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>K. Vinalonzo, et al.,<br><br>　　　　　　Defendants. | No. CV 20-02071-PHX-MTL (ESW)<br><br><br>**ORDER** |

Plaintiff Albert Smith, who is confined in the Arizona State Prison Complex-Eyman, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will order Defendants Scott, Vinalonzo, Curtis, and Potts to answer the Complaint and grant Plaintiff 120 days to file a notice substituting the actual name of the Doe Defendant, before requiring a response from that Defendant.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III.  Complaint

Plaintiff alleges a single count for excessive force by an officer. Plaintiff sues the following employees of the Arizona Department of Corrections (ADC): Warden T. Scott, Sergeant K. Vinalonzo, and Corrections Officers II John Doe, Potts, and Curtis. Plaintiff sues each of the Defendants in their individual and official capacities. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts:

On July 30, 2020, Plaintiff was housed in the "Enhanced Security Unit" (ESU) of the Eyman Complex, which required prisoners in the pod to be escorted in full restraints whenever they left their cells and the presence of a sergeant or supervisor with a camera during any out-of-cell movement. That day, Defendants Doe, Potts, and Curtis removed Plaintiff from his cell. Because of an "Incident Command System" (ICS) event, Warden Scott told these Defendants, "Cameras Off gentlemen, smash the hell out of that firebug." Plaintiff and the escort officers walked past Scott, out the pod door, and down a hallway into a blind spot where there were no cameras. Defendant Doe, who had held the pod camera and Plaintiff's right arm during the escort, and Defendant Curtis violently slammed Plaintiff face-first into a brick wall, and one of them punched Plaintiff in the right eye with a closed fist. Defendant Vinalonzo then appeared in the corridor and apparently said, "I told her you see this fool punching to tell him to stop." "She" stated, "I ain't see that." Defendants Doe and Curtis then slammed Plaintiff into the ground face-first and repeatedly punched and kicked him in the head, absent provocation. Plaintiff, who was shackled hand and foot, was rendered senseless.

### IV.  Claim for Which an Answer Will be Required

Liberally construed, Plaintiff sufficiently states an Eighth Amendment claim for excessive force against all the Defendants in their individual capacities. Defendants Vinalonzo, Potts, Curtis, and Scott will be required to respond to the Complaint.

Although Plaintiff has stated a claim against the Doe Defendant, the Court will not require service on the Doe Defendant at this time because it is, in most instances,

impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant. However, the Court will not dismiss the claim against the Doe Defendant at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual name of one or more of the Doe Defendants, through subpoena or otherwise, and to substitute at least one of the Defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss without prejudice this action if Plaintiff fails to timely file a notice of substitution identifying at least one of the Doe Defendants, unless Plaintiff seeks and is granted an extension of time.

**V.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a

copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)  Defendants Scott, Vinalonzo, Curtis, and Potts must answer the Complaint.

(4)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Scott, Vinalonzo, Curtis, and Potts.

(5)  Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**TERMPSREF**

16.2(b)(2)(B)(ii).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(9) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

TERMPSREF

- 6 -

(11) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) Within 120 days from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting Defendant Doe's actual name. The Court may dismiss without prejudice Defendant Doe if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

(14) Within 120 days from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting Defendant Doe's actual name.

(15) The Clerk of Court must issue a subpoena in blank and send it, along with a copy of the Marshal's Process Receipt & Return form (USM-285), to Plaintiff.

(16) Plaintiff shall complete the subpoena and USM-285 form and promptly return them to the Clerk of Court.

(17) Upon receipt of properly completed subpoena and USM-285 form, the Clerk of Court must deliver the subpoena, the USM-285 form, and a copy of this Order, to the United States Marshal for service.

(18) Within **20 days** of receiving the subpoena, USM-285 form, and a copy of this Order, the United States Marshal must personally serve the subpoena and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

(19) Within **10 days** after personal service is effected, the United States Marshal must file a proof of service.

(20) The Clerk of Court must dismiss Defendant Doe for failure to prosecute, without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a notice of substitution for Defendant Doe within 120 days, unless Plaintiff seeks and is granted an

extension of time.

(21) Except as to Defendant Doe, this matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 23rd day of December, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge